LATHAM & WATKINS LLP
  Jennifer L. Barry (SBN 228066)
  *jennifer.barry@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400 / (858) 523-5450 Fax

LATHAM & WATKINS LLP
  Allison S. Blanco (SBN 287554)
  *allison.blanco@lw.com*
355 South Grand Avenue
Los Angeles, CA 90071
(213) 485-1234 / (213) 891-8763 Fax

Attorneys for Plaintiff
Counter Brands, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTER BRANDS, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> THE HAPPINESS GROUP, INC., a Cayman Islands corporation; NUDU USA, INC., a Nevada corporation; and Does 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 2:17-cv-02441 <br><br> **COMPLAINT FOR:** <br><br> (1) Federal Trademark Infringement (Lanham Act, 15 U.S.C. § 1114) <br><br> (2) Federal Unfair Competition / False Designation of Origin (Lanham Act, 15 U.S.C. § 1125(a)) <br><br> (3) Common Law Trademark Infringement <br><br> (4) Common Law Unfair Competition <br><br> **<u>DEMAND FOR JURY TRIAL</u>** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

US-DOCS\75413740.1

Case No.: 2:17-cv-02441
COMPLAINT

1    Plaintiff Counter Brands, LLC ("Counter Brands"), for its Complaint against

2    Defendants The Happiness Group, Inc. ("THGI"), Nudu USA, Inc. ("Nudu USA"),

3    and Does 1-10 (the "Doe Defendants") (collectively, "Defendants"), alleges as

4    follows:

5                                    **<u>Nature of Action</u>**

6        1.    Counter Brands manufactures, markets and sells high-end, safe,

7    skin and body care products for women, men, and children.  In 2016, Counter

8    Brands acquired the worldwide portfolio for the Nude beauty brand.

9        2.    Created and launched in 2007, the Nude brand was quickly

10   established as an innovation in healthy, natural beauty products.  Indeed, these

11   innovative products and distinctive brand reflect the vision and background of its

12   co-founders, with an emphasis on business ethics and global activism.  As a result

13   of the quality of its products, the Nude brand has garnered an outstanding, and

14   hard-earned, reputation in the luxury skincare market as well as an extremely loyal

15   customer base.

16       3.    Counter Brands owns broad intellectual property protection,

17   including incontestable federal registrations, for valuable trademark rights in the

18   mark NUDE® (the "NUDE Mark") in Class 3 for an array of beauty products.

19   Nevertheless, Counter Brands' distinctive brand is the target of an attack by

20   Defendants to unlawfully capitalize on the brand's success.

21       4.    Defendants are engaged in the business of marketing and selling

22   purportedly "natural [beauty] products" under the name NUDU (the "NUDU

23   Mark").  Consumers encountering these marks will believe that Defendants'

24   activities are related to or endorsed by Counter Brands, which they are not.

25       5.    Accordingly, Counter Brands brings this complaint against

26   Defendants for federal trademark infringement, false designation of origin, and

27   unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and

28   common law trademark infringement and unfair competition under California law.

LATHAM&WATKINS™
ATTORNEYS AT LAW
LOS ANGELES

US-DOCS\75413740.1

1

Case No.: 2:17-cv-02441
COMPLAINT

**The Parties**

1
2      6.      Counter Brands is a Delaware limited liability company with its

3  principal place of business at 2803 Colorado Avenue, Santa Monica, California

4  90404.  Counter Brands is the assignee of the Nude brand.

5      7.      On information and belief, Defendant THGI is a Cayman Islands

6  corporation with its principal place of business at Midtown Plaza, Elgin Avenue,

7  2nd Floor, George Town, Cayman Islands KY1-1106.

8      8.      On information and belief, Defendant Nudu USA is a Nevada

9  corporation with its principal place of business at 382 NE 191st Street #33075,

10  Miami, Florida 33179.

11      9.      Counter Brands is ignorant of the true names of defendants Does 1

12  through 10, inclusive, and therefore sues those defendants by such fictitious names.

13  On information and belief, Doe Defendants are jointly responsible, along with

14  THGI and Nudu USA, for the acts alleged in this Complaint.  When the true names

15  of the Doe Defendants are ascertained, Counter Brands will seek leave of this

16  Court to amend this Complaint to name those individuals or entities.

17      10.      Counter Brands is informed and believes, and on that basis alleges,

18  that each of the Defendants was the agent and/or employee of the remaining

19  Defendants, and, at all times mentioned, acted within the course and scope of such

20  agency and/or employment.

21                              **Jurisdiction and Venue**

22      11.      Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this Court

23  has subject matter jurisdiction over Counter Brands' claims for relief for violation

24  of the Lanham Act.  Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental

25  jurisdiction over Counter Brands' state law claims because the claims are joined

26  with substantial and related claims under the Lanham Act.  This Court also has

27  supplemental jurisdiction over Counter Brands' state law claims pursuant to 28

28  U.S.C. § 1367(a) because all of Counter Brands' claims arise out of a common

LATHAM&WATKINS ᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

US-DOCS\75413740.1

2

Case No.: 2:17-cv-02441
COMPLAINT

nucleus of operative facts.

12.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have conducted substantial business in the State of California and attempted to derive financial benefits from residents of the State of California, including by marketing and selling their products to residents of the State of California and otherwise placing infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including within this District.

13.     Venue in this Court exists under 28 U.S.C. §§ 1391(b)(2) because Defendants transact business within this District, have marketed and sold products that infringe Counter Brands' intellectual property rights in this District, and a substantial part of the events giving rise to the Counter Brands' claims occurred in this District.

## Facts Common to All Claims for Relief

### Counter Brands' Intellectual Property Rights

14.     Santa Monica, California-based Counter Brands was founded in 2011 with a mission to improve transparency and accountability in the beauty industry through safer skincare and cleaner cosmetics.  To further this mission, in 2016, Counter Brands acquired the Nude brand and all associated intellectual property rights.

15.     The Nude brand was created in 2007 by Ali Hewson (wife of famed U2 frontman Bono) and Bryan Meehan as a company rooted in socially conscious behavior with an emphasis on providing healthy, natural skincare products. Nude's innovative products were born out of the desire to bring high performance, nutrition-based skincare products and ethical business to the beauty industry. Nude quickly developed a niche business in the otherwise crowded beauty industry, earning an exceptional reputation in the luxury skincare market, as well as a loyal and large customer base.  Just one year after its launch in the UK, the

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

US-DOCS\75413740.1

3

Case No.: 2:17-cv-02441
COMPLAINT

1    successful Nude brand expanded globally.

2       16.       Within this niche market of healthy, all-natural beauty products,

3   Counter Brands offers a variety of Nude products, including treatment oils &

4   serums, cleansers & toners, moisturizers, masks & exfoliants, lip balms, and eye

5   creams. Counter Brands' products are unique based on their use of high

6   performance, natural alternatives to synthetic ingredients frequently used by

7   conventional skincare companies.

8       17.       Counter Brands' efforts, along with the efforts of its predecessors-

9   in-interest, have resulted in broad intellectual property protection for its valuable

10   trademark rights in the NUDE Mark for a wide array of beauty products and retail

11   services, and Counter Brands owns incontestable federal registrations for the

12   NUDE mark.

13       18.       Since at least as early as 2007, Counter Brands and its

14   predecessors-in-interest have developed and continuously used the NUDE Mark on

15   or in connection with its natural beauty products. The NUDE Mark is synonymous

16   with high performance, luxury, natural skincare.

17       19.       Counter Brands is the owner of a number of U.S. and

18   international trademark registrations for the NUDE Mark and the

19   Nude Design Logo shown to the right (the "Nude Design Logo").



20       20.       Counter Brands owns the incontestable U.S. Federal Trademark

21   Registration No. 3,476,728 for the NUDE Mark in connection with skincare and

22   cosmetics in Class 3, and for online retail services in Class 35 (the "NUDE®

23   Registration"). The registration issued on July 29, 2008.

24       21.       Counter Brands also owns the incontestable U.S. Federal

25   Trademark Registration No. 3,441,037 for the Nude Design Logo shown above in

26   Classes 3 and 35 (the "Nude Logo Registration," together with the NUDE®

27   Registration, the "NUDE® Registrations"). The registration issued on June 3,

28   2008.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

US-DOCS\75413740.1

4

Case No.: 2:17-cv-02441
COMPLAINT

22.     Since the adoption and first use of the NUDE Mark and the Nude Design Logo, Counter Brands, and its predecessors-in-interest, have marketed and promoted products bearing the NUDE Mark and the Nude Design Logo throughout the United States and internationally.

23.     Counter Brands and its predecessors-in-interest have spent substantial time, money and effort advertising and promoting these products, and thus have developed recognition for these products as a premium prestige skincare line, which has acquired and currently enjoys a valuable reputation and goodwill.

### Defendants' Infringing Activities

24.     Defendants directly compete with Counter Brands by marketing and selling purported "natural" beauty products under the brand NUDU, a mere one letter off from the NUDE Mark.  Defendants' website touts the NUDU brand as "NUDU natural beauty" and "beautiful natural products that [are] luxurious, effective, and safe."

25.     Defendants' website, www.nudu.com, offers four core products for sale (gel cleanser, toner, moisturizer, and eye cream), all of which *directly overlap* with Counter Brands' Nude product offerings.

26.     Defendants' use of the NUDU Mark on identical product types within Counter Brands' clearly-established niche market is an egregious attempt to ride on the coattails of the Nude brand's hard-earned reputation.

27.     On April 10, 2015, Defendants filed U.S. Application Serial No. 86/593436 (the "NUDU Application") with the U.S. Patent and Trademark Office, indicating an intent to use the NUDU Mark in connection with skincare products in Class 3.  Nude instituted an opposition proceeding against the NUDU Application on September 2, 2016 because the NUDU Mark is confusingly similar to the NUDE Mark, particularly in light of the fact that Defendants seek to use the NUDU Mark on identical or closely-related goods.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

US-DOCS\75413740.1

5

Case No.: 2:17-cv-02441
COMPLAINT

***Counter Brands is Suffering Harm from Defendants'***
***Continuing Infringement and Unlawful Conduct***

28.     Due to Counter Brands' renown and consumers' recognition of the NUDE Mark, and given that all of Defendants' "NUDU" products are also products offered under the NUDE Mark, consumers will likely suffer confusion and mistakenly believe that Defendants and their goods are endorsed, approved, or sponsored by, or affiliated, connected, or associated with Counter Brands. Defendants will thus enjoy the benefits of Counter Brands' reputation and goodwill based on this consumer confusion, to Counter Brands' detriment.

29.     Defendants' use of the NUDU Mark in commerce violates Counter Brands' valuable intellectual property rights in the NUDE Mark, and this knowing, intentional, and willful infringement is damaging Counter Brands.

30.     Because of Defendants' continuing willful infringement and unlawful conduct, Counter Brands is now forced to bring this Complaint to protect its valuable intellectual property rights.  Counter Brands has retained counsel and incurred attorneys' fees and costs (and it continues to incur those fees and costs) to prosecute this lawsuit and pursue its claims.

31.     Counter Brands' interests in protecting its intellectual property rights and product from consumer confusion outweigh any harm to Defendants. The public interest is best served by granting Counter Brands' requested relief against Defendants.

## FIRST CLAIM FOR RELIEF

## Federal Trademark Infringement – 15 U.S.C. § 1114

32.     Counter Brands incorporates by reference the factual allegations set forth above.

33.     Counter Brands is the owner of all rights, title, and interest in and to the NUDE® Registrations, including the right to sue for and recover all past, present, and future damages for infringement of the rights conferred by the

1   NUDE® Registrations.

2   34.     The marks reflected in the NUDE® Registrations are strong and

3   distinctive, designating Counter Brands as the source of all products advertised,

4   marketed, sold, or used in connection with the NUDE® Mark.

5   35.     As described above, Defendants have used and continue to use in

6   commerce the NUDU Mark as a trademark in association with beauty products that

7   are virtually identical to the products with which the NUDE® Mark and the

8   NUDE® Registrations have come to be associated.

9   36.     Counter Brands is the senior user of the NUDE® Mark as it began

10  use of the mark in interstate commerce prior to Defendants' first use of the NUDU

11  Mark.

12  37.     Defendants do not have authorization, license, or permission from

13  Counter Brands to advertise, market, and sell their products under the NUDU

14  mark, which is confusingly similar to the NUDE® Mark.

15  38.     On information and belief, Defendants were aware of the NUDE®

16  Mark and the NUDE® Registrations as they were on constructive notice based on

17  Counter Brands' federal registrations, as well as on actual notice based on the

18  strong success of the NUDE® product, which directly competes with Defendants'

19  products.  Thus, Defendants' unauthorized use of marks that are confusing similar

20  to the NUDE® Mark was and is knowing, intentional, and willful.

21  39.     On information and belief, Defendants' use of the NUDU Mark is

22  likely to cause confusion or mistake, or to deceive as to the source, origin,

23  affiliation or sponsorship of Defendants' products.

24  40.     As a direct and proximate result of Defendants' wrongful conduct,

25  Counter Brands has been and will continue to be damaged.

26  41.     Defendants' actions thus constitute trademark infringement in

27  violation of the Lanham Act, 15 U.S.C. §1114.

28  42.     Unless an injunction is issued enjoining any continuing or future

LATHAM&WATKINS
ATTORNEYS AT LAW
LOS ANGELES

US-DOCS\75413740.1

7

Case No.: 2:17-cv-02441
COMPLAINT

1  use of the NUDU Mark by Defendants, such continuing or future use is likely to

2  continue to cause confusion, mistake, or deception as to source, origin, affiliation,

3  or sponsorship, and will thereby irreparably damage Counter Brands.

4       43.     Defendants' activities have caused and will continue to cause

5  irreparable harm to Counter Brands, for which it has no adequate remedy at law, in

6  that: (i) the NUDE® Mark and the NUDE® Registrations comprise unique and

7  valuable property rights that have no readily determinable market value;

8  (ii) Defendants' infringement interferes with Counter Brands' goodwill and

9  customer relationships and will substantially harm Counter Brands' reputation as a

10  source of high-quality products; and (iii) Defendants' wrongful conduct, and the

11  damages resulting to Counter Brands, are continuing.  Accordingly, Counter

12  Brands is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

13       44.     Pursuant to 15 U.S.C. § 1117(a), Counter Brands is entitled to an

14  order: (a) requiring Defendants to account to Counter Brands for any and all profits

15  they derived from their actions, to be increased in accordance with the applicable

16  provisions of law; and (b) awarding all damages sustained by Counter Brands that

17  were caused by Defendants' conduct.

18       45.     Defendants' conduct was intentional and without foundation in law,

19  and, pursuant to 15 U.S.C. § 1117(a), Counter Brands is therefore entitled to an

20  award of treble damages against Defendants.

21       46.     Defendants' acts make this an exceptional case under 15 U.S.C.

22  § 1117(a); thus Counter Brands is entitled to an award of attorneys' fees and costs.

23  **SECOND CLAIM FOR RELIEF**

24  **Federal Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125(a)**

25       47.     Counter Brands incorporates by reference the factual allegations set

26  forth above.

27       48.     The NUDE® Mark is strong and distinctive and designates Counter

28  Brands as the source of all goods advertised, marketed, sold, or used in connection

LATHAM&WATKINS™
ATTORNEYS AT LAW
LOS ANGELES

US-DOCS\75413740.1

8

Case No.: 2:17-cv-02441
COMPLAINT

1    with the NUDE® Mark.

2         49.    Counter Brands is the senior user of the NUDE® Mark as it began

3    use of the mark in interstate commerce prior to Defendants' first use of the NUDU

4    mark.

5         50.    On information and belief, Defendants were aware of the NUDE®

6    Mark and the NUDE® Registrations as they were on constructive notice based on

7    Counter Brands' federal registrations, as well as on actual notice based on the

8    strong success of the NUDE® products, which directly compete with Defendants'

9    products.  Thus, Defendants' unauthorized use of marks that are confusingly

10   similar to the NUDE® Mark was and is knowing, intentional, and willful.

11        51.    On information and belief, through their use of the confusingly

12   similar NUDU mark, Defendants intended to, and did in fact, confuse and mislead

13   consumers into believing, and misrepresented and created the false impression, that

14   Counter Brands somehow authorized, originated, sponsored, approved, licensed, or

15   participated in Defendants' use of the confusingly similar NUDU mark.

16        52.    In fact, there is no connection, association, or licensing relationship

17   between Counter Brands and Defendants, nor has Counter Brands ever authorized,

18   licensed, or given permission to Defendants to use the NUDE® Mark in any

19   manner.

20        53.    On information and belief, Defendants' use of the NUDU mark will

21   likely cause confusion as to the origin and authenticity of Defendants' products

22   and will likely cause others to believe that there is a relationship between

23   Defendants and Counter Brands.

24        54.    As a direct and proximate result of Defendants' wrongful conduct,

25   Counter Brands has been and will continue to be damaged.

26        55.    Defendants' actions thus constitute false designation of origin and

27   unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a).

28        56.    Unless an injunction is issued enjoining any continuing or future

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

US-DOCS\75413740.1

9

Case No.: 2:17-cv-02441
COMPLAINT

use of the NUDU Mark, such continuing or future use is likely to continue to cause confusion, mistake or to deceive as to source, origin, affiliation or sponsorship, and thereby to irreparably damage Counter Brands.

57.     Defendants' activities have caused, and will continue to cause, irreparable harm to Counter Brands, for which it has no adequate remedy at law, in that: (i) the NUDE® Mark and the NUDE® Registrations comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendants' infringement interferes with Counter Brands' goodwill and customer relationships and will substantially harm Counter Brands' reputation as a source of high-quality products; and (iii) Defendants' wrongful conduct, and the damages resulting to Counter Brands, are continuing.  Accordingly, Counter Brands is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

58.     Pursuant to 15 U.S.C. §1117(a), Counter Brands is entitled to an order: (a) requiring Defendants to account to Counter Brands for any and all profits they derived from their actions, to be increased in accordance with the applicable provisions of law; and (b) awarding all damages sustained by Counter Brands that were caused by Defendants' conduct.

59.     Defendants' conduct was intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), Counter Brands is therefore entitled to an award of treble damages against Defendants.

60.     Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a); thus Counter Brands is entitled to an award of attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement

61.     Counter Brands incorporates by reference the factual allegations set forth above.

62.     Counter Brands has valid and protectable common law rights in the NUDE® Mark.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

US-DOCS\75413740.1

10

Case No.: 2:17-cv-02441
COMPLAINT

63.     Counter Brands is the senior user of the NUDE® Mark.

64.     Defendants' conduct, as described above, constitutes infringement of Counter Brands' common law rights in the NUDE® Mark.

65.     Defendants' use of the confusingly similar NUDU mark with unauthorized products is likely to cause confusion as to the origin of Defendants' products and is likely to cause others to believe that there is a relationship between Defendants and Counter Brands.

66.     Defendants' wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of Counter Brands' reputation and the substantial goodwill built up in the NUDE® Mark.

67.     As a direct and proximate result of Defendants' wrongful conduct, Counter Brands has been and will continue to be damaged.

68.     Unless an injunction is issued enjoining any continuing or future use of the NUDU Mark by Defendants, such use is likely to continue to cause confusion and thereby irreparably damage Counter Brands.  Counter Brands has no adequate remedy at law and is thus entitled to such an injunction.

## FOURTH CLAIM FOR RELIEF

### Common Law Unfair Competition

69.     Counter Brands incorporates by reference the factual allegations set forth above.

70.     Counter Brands has expended significant time and expense in developing the NUDE® Mark and the high quality product it markets, offers, and sells under that mark.  The NUDE® Mark has been very successful and has developed a substantial reputation and goodwill in the marketplace.

71.     Through their wrongful conduct, as described above, Defendants have misappropriated Counter Brands' efforts and are exploiting the NUDE® Mark and Counter Brands' reputation to market and sell their products under the NUDU Mark.  These actions constitute unfair competition.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

US-DOCS\75413740.1

11

Case No.: 2:17-cv-02441
COMPLAINT

72.     As a direct and proximate result of Defendants' wrongful conduct, Counter Brands has been and will continue to be damaged.

73.     Unless an injunction is issued enjoining Defendants' unfairly competitive conduct, Counter Brands will continue to be damaged irreparably. Counter Brands has no adequate remedy at law.  Accordingly, Counter Brands is entitled to an injunction.

74.     On information and belief, Defendants have acted willfully, intentionally, and maliciously, such that Counter Brands is entitled to an award of punitive damages.

## **PRAYER**

WHEREFORE, Counter Brands prays for the following relief:

A.     A preliminary and permanent injunction whereby Defendants, and their principals, officers, directors, members, partners, agents, servants, employees, authorized representatives, and attorneys, and all other persons acting in concert or participating with them, who receive actual notice of the injunction order by personal or other service, are permanently enjoined from:

1.     using the NUDU Mark, or any other mark likely to cause confusion with the NUDE® Mark, in connection with the promotion, advertising, offering for sale, or sale, of any products;

2.     using any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products offered, promoted, marketed, advertised, provided, or sold by Defendants are in any manner associated or connected with Counter Brands, or are licensed, approved, or authorized in any way by Counter Brands;

3.     representing, suggesting in any fashion to any third party, or

1                   performing any act that may give rise to the belief, that

2                   Defendants, or any of their products, are related to, or

3                   authorized or sponsored by, Counter Brands;

4        4.      unfairly competing with Counter Brands in any manner

5                   whatsoever, or engaging in any unfair, fraudulent, or deceptive

6                   business practices that relate in any way to the distribution,

7                   marketing, sale, or use of products bearing the NUDU Mark or

8                   the NUDE® Mark; and

9        5.      applying or seeking to register any mark that is likely to cause

10                  confusion with the NUDE® Mark.

11    B.     An order, pursuant to 15 U.S.C. § 1116(a), that within thirty (30) days

12 after the entry and service on Defendants of an injunction, Defendants file with this

13 Court and serve upon Counter Brands' counsel a report in writing and under oath

14 setting forth in detail the manner and form in which Defendants have complied

15 with the injunction.

16    C.     An order directing Defendants to abandon the NUDU Application.

17    D.     An order finding that Defendants have infringed Counter Brands'

18 federally registered trademark in violation of 15 U.S.C. § 1114.

19    E.     An order finding that Defendants have created a false designation of

20 origin and false representation of association in violation of 15 U.S.C. § 1125(a).

21    F.     An order finding that Defendants have engaged in common law

22 trademark infringement.

23    G.     An order finding that Defendants have engaged in common law unfair

24 competition.

25    H.     An order awarding Counter Brands damages as follows:

26        1.      Counter Brands' actual damages, as well as all of Defendants'

27                   profits or gains of any kind from their acts of trademark

28                   infringement, false designation of origin, and unfair

LATHAM&WATKINS LLP  US-DOCS\75413740.1                                    Case No.: 2:17-cv-02441
ATTORNEYS AT LAW                                                COMPLAINT
LOS ANGELES                                  13

1    competition, including a trebling of those damages, pursuant to

2    15 U.S.C. § 1117(a); and

3         2.      Punitive damages pursuant to California common law.

4    I.      An order finding that this is an exceptional case and, under 15 U.S.C.

5    § 1117(a), awarding Counter Brands its reasonable attorneys' fees.

6    J.      An order awarding Counter Brands all of its costs, disbursements, and

7    other expenses incurred due to Defendants' unlawful conduct, pursuant to 15

8    U.S.C. § 1117(a).

9    K.      An order awarding Counter Brands interest.

10   L.      An order awarding Counter Brands such other relief as the Court

11   deems just and appropriate.

12                          **JURY DEMAND**

13        Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil L.R.

14   38-1, Counter Brands hereby demands a trial by jury.

15   Dated:  March 29, 2017              LATHAM & WATKINS LLP

16

17                                      By: */s/Jennifer L. Barry*
                                            Jennifer L. Barry
18                                          Allison S. Blanco

19                                      *Attorneys for Plaintiff*
                                        COUNTER BRANDS, LLC

20

21

22

23

24

25

26

27

28